UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

**Civil Action Number:**

ANEL MONTENELLI,

    Plaintiff,

vs.

PLS CHECK CASHIERS TRUST, INC.
d/b/a PLS CHECK CASHIERS, and
ROBERT WOLFBERG and DANIEL
WOLFBERG

    Defendants.

## COMPLAINT

Plaintiff, Anel Montenelli, by and through his undersigned counsel, hereby sues Defendant PLS Check Cashiers Trust, Inc., Defendant Robert Wolfberg and Defendant Daniel Wolfberg for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

### JURISDICTION

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"). This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2.    Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Northern District of Illinois.

1

3. The remedies provided by Illinois Statute §740 (the Illinois Human Rights Act 775 ILCS Sec 1-102) are not exclusive, and state administrative remedies need not be exhausted in connection with suits brought under the ADA.

## PARTIES

4. Anel Montenelli (hereinafter referred to as "Plaintiff") is a resident of the state of Illinois. The Plaintiff suffers from spinal cord injury and uses a wheelchair for mobility, thus suffers from what constitutes as a "qualified disability" under the Americans with Disabilities Act ("ADA"). The Plaintiff's disability is defined in 42 US Code §12012 (1)(A) and in 42 U.S.C. 3602 §802(h).

5. Defendant PLS Check Cashiers Trust, Inc. (also referenced as "Defendant Trust") is an Illinois corporation. Defendant Trust is authorized to conduct, and is conducting business within the State of Illinois and within the jurisdiction of this court.

6. On information and belief, at all times material hereto, Defendant Trust is the lessee of the real property located at 1958 W Cermak, Chicago, Illinois 60608. Defendant Trust owns and operates a check cashing store called "PLS Check Cashiers" at this location and is doing business as "PLS Check Cashiers". Defendant Trust's PLS Check Cashiers store is the subject of this action and is also referred to as "PLS Check Cashiers," "check cashing store," "the real property," "Subject Facility," and/or as "place of public accommodation."

7. Defendant Robert Wolfberg is owner in joint tenancy along with Defendant Daniel Wolfberg of the real property located at 1958 W Cermak Road, Chicago, Illinois 60608 ("the real property"). By virtue of the fact that Defendant Robert

Wolfberg is owner in joint tenancy of real property which is within the jurisdiction of this Court, Defendant Robert Wolfberh is within the jurisdiction of this court.

8. Defendant Daniel Wolfberg is owner in joint tenancy along with Defendant Robert Wolfberg of the real property. By virtue of the fact that Defendant Daniel Wolfberg is owner in joint tenancy of the real property which is within the jurisdiction of this Court, Defendant Daniel Wolfberg is within the jurisdiction of this court.

9. At all times material hereto, Defendants Robert Wolfberg and Daniel Wolfberg are (and have been) the owners of the real property which is the subject of this action.

10. At all times material hereto, Defendants Robert Wolfberg and Daniel Wolfberg have leased the real property to Defendant Trust who has utilized the real property as a check cashing store under the name PLS Check Cashiers.

11. All events giving rise to this lawsuit occurred in the State of Illinois. Venue is proper in this Court as the real property and the business operated within the real property is located within the jurisdiction of this Court.

12. The real property is defined as a place of public accommodation pursuant to 42 U.S.C. §12181(7)(E) and (F) because it is open to the general public as a check cashing store and as such offers sales[1] (of phone calling cards, etc.) and offers services[2] (of check cashing and sending money).

---

[1] 42 U.S.C. §12181(7)(E) is defined as "a bakery, grocery store, clothing store, hardware store, shopping center, **or other sales** or rental **establishment**", (emphasis added)

[2] 42 U.S.C. §12181(7)(F) is defined as "a laundromat, dry-cleaner, bank, barber shop, beauty shop, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, insurance office, professional office of a health care provider, hospital, **or other service establishment**", (emphasis added)

3

13. On July 10, 2015 at 5:40 P.M., the Plaintiff personally visited PLS Check Cashers with the intention of sending money to his family in Panama. The Plaintiff was denied full and equal access because none of the entrances to the check cashing store were accessible. The Plaintiff was unable to enter (maneuver himself and his wheelchair) into the check cashing store. Hence, the check cashing store is/was not readily accessible.

14. The Plaintiff left PLS Check Cashiers embarrassed and humiliated due to the fact that he was unable to enter the place of public accommodation twenty-five years after the passage of the ADA. For confirmation of visit, see Exhibit A.

15. The Plaintiff was denied full and equal access to, and full and equal enjoyment of, the facilities at PLS Check Cashiers (a place of public accommodation) all in violation of the ADA.

16. As a result of the Defendants' discrimination, the Plaintiff has suffered loss of dignity, mental anguish, physical harm, and other tangible injuries.

17. Any and all requisite notice has been provided.

18. The Plaintiff has been obligated to retain the law offices of Scott R. Dinin, P.A. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendant pursuant to 42 U.S.C. §12205.

**COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

19. Plaintiff re-alleges and incorporates by reference the allegations set forth in ¶¶s 1 – 18 herein above.

20. The Americans with Disabilities Act ("ADA") is landmark Civil Rights legislation that is the result of decades of advocacy to improve the lives and role in society of all persons with disabilities. The ADA was enacted and effective as of July 26, 1990. The ADA legislation has been protecting disabled persons from discrimination due to disabilities for 25 years. As such, all public accommodations and facilities have had adequate time for compliance.

21. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

(iii) discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

(iv) Individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

5

22. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

23. Pursuant to 42 U.S.C. §§12181(7)(E) & (F) and 28 C.F.R. §36.104, the Subject Facility (commonly known as PLS Check Cashiers) is a place of public accommodation in that it is a check cashing store open to the general public. As a place of public accommodation, it is under the requirements of the ADA and must be in compliance therewith.

24. As the co-owner and co-lessor (to others) of the real property which is/was doing business as a check cashing store, Defendant Robert Wolfberg is defined as a "Public Accommodation" within meaning of Title III because Defendant Robert Wolfberg is an owner in joint tenancy (along with co-Defendant Daniel Wolfberg) of real property and as such, is a private entity which owns, leases, leases to others, or operates a check cashing store; 42 U.S.C. §12182, §§12181(7)(E) & (F) and the Illinois Human Rights Act, codified at 775 ILCS 5.

25. As the co-owner and co-lessor (to others) of the real property which is/was doing business as a check cashing store, Defendant Daniel Wolfberg is defined as a

6

"Public Accommodation" within meaning of Title III because Defendant Daniel Wolfberg is an owner in joint tenancy (along with co-Defendant Robert Wolfberg) of real property and as such, is a private entity which owns, leases, leases to others, or operates a check cashing store; 42 U.S.C. §12182, §§12181(7)(E) & (F) and the Illinois Human Rights Act, codified at 775 ILCS 5.

26. As the operator and lessee of a the real property which Defendant Trust operates as a check cashing store, Defendant Trust is defined as a "Public Accommodation" within meaning of Title III because Defendant Trust is a private entity which owns, leases, leases to others, or operates a check cashing store; 42 U.S.C. §12182, §§12181(7)(E) & (F); 28 C.F.R. §36.104 and the Illinois Human Rights Act, as codified at 775 ILCS 5.

27. Co-Defendants Robert Wolfberg and Daniel Wolfberg (owners in joint tenancy and joint lessors) and Defendant Trust (as operator/lessee) have discriminated (in derogation of 28 C.F.R. Part 36).

28. Co-Defendants Robert Wolfberg and Daniel Wolfberg (owners in joint tenancy and joint lessors) and Defendant Trust (as operator/lessee) have discriminated, and continue to discriminate, against the Plaintiff (and others who are similarly situated) by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the check cashing store, in derogation of 42 U.S.C. §12101 et. seq. and as prohibited by 42 U.S.C. §12182 et. seq., by failing to remove architectural barriers (where such removal is readily achievable) pursuant to 42 U.S.C. §12182(b)(2)(a)(iv).

29. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at the PLS Check Cashiers store.

30. Prior to the filing of this lawsuit, the Plaintiff personally visited the check cashing store known as PLS Check Cashiers with the intention of patronizing that place of public accommodation, but (as an individual with a disability who utilizes a wheelchair for mobility) has been denied adequate accommodation by virtue of being unable to gain access with the use of his wheelchair within the place of public accommodation and therefore suffered an injury in fact.

31. The Plaintiff continues to desire to patronize PLS Check Cashiers store to use its services for transferring money to his family in Panama, but continues to be injured in that he continues to be discriminated against due to the architectural barriers which remains at the Subject Facility, all in violation of the ADA.

32. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

33. The Subject Facility, which is owned by Co-Defendants Robert Wolfberg and Daniel Wolfberg (owners in joint tenancy and joint lessors) is in the possession and daily operational control of Defendant (operator and lessee), is in violation of 42 U.S.C.

§12181 et. seq., the ADA and 28 C.F.R. §36.302 et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific violations:

i. Failure of the Defendants (jointly and severally) to install a ramp with appropriate slope and signage, and/or otherwise provide an accessible and properly designated entrance, as required by 28 C.F.R. Part 36. These steps represent insurmountable barriers to independent entry to the Subject Facility by the Plaintiff and other individuals who use wheelchairs or electronic scooters.

ii. Failure of the Defendants (jointly and severally) to provide an accessible entrance and failure to have signage posted indicating the location of accessible entrance, in violation of 28 C.F.R. Part 36, Section 4.1.2(7)(c).

34. Upon information and belief, co-Defendants Robert Wolfberg and Daniel Wolfberg (owners in joint tenancy and joint lessors) and Defendant PLS Check Cashiers Trust, Inc. (as operator and lessee) are jointly and severally in violation of other provisions of the ADA at the Subject Facility, and only once a full inspection is done can all said violations be identified.

35. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

36. Pursuant to the ADA, 42 U.S.C. §12181 et seq., and 28 C.F.R. §36.304, the Defendants (jointly and severally) have been required to make the Subject Facility (a place of public accommodation Robert Wolfberg and Daniel Wolfberg (owners in joint tenancy and joint lessors) and Defendant PLS Check Cashiers Trust, Inc. (as operator and lessee) have jointly and severally failed to comply with this mandate.

37. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the Subject Facility to make it readily accessible to, and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff, Anel Montenelli hereby demands judgment against co-Defendants Robert Wolfberg and Daniel Wolfberg (owners in joint tenancy and joint lessors) and Defendant PLS Check Cashiers Trust, Inc. (as operator and lessee) and requests the following injunctive and declaratory relief:

a) The Court declares that the Subject Facility owned and leased by co-Defendants Robert Wolfberg and Daniel Wolfberg (owners in joint tenancy) as operated, controlled, and administrated by Defendant PLS Check Cashiers Trust, Inc. (the lessee) is in violation of the ADA and order the Subject Facility to be closed to the public until such time that it is deemed by this Court to be accessible;

b) The Court enter an Order requiring co-Defendants Robert Wolfberg and Daniel Wolfberg (owners in joint tenancy and lessors) and Defendant PLS Check Cashiers Trust, Inc. (operator/lessee) to (jointly and severally) alter the Subject Facility to make it accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

c) The Court enter an Order directing co-Defendants Robert Wolfberg and Daniel Wolfberg (owners in joint tenancy and lessors) and Defendant PLS Check Cashiers Trust, Inc. (operator/lessee) to evaluate and neutralize its

10

policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendants (jointly and severally) to undertake and complete corrective procedures to the Subject Facility;

d) The Court award reasonable attorney's fees, compensatory damages, all costs (including, but not limited to court costs and any expert fees), and other expenses of suit, to the Plaintiff, and the Court award reasonable costs and attorneys fees; and

e) The Court award such other and further relief as it deems necessary, just and proper.

### COUNT II - VIOLATION OF ILLINOIS HUMAN RIGHTS ACT

38. Plaintiff realleges and incorporates by reference the allegations set forth in ¶¶s 1 – 18 herein above.

39. The co-Defendants Robert Wolfberg and Daniel Wolfberg (owners in joint tenancy and lessors) and Defendant PLS Check Cashiers Trust, Inc. (operator/lessee) have violated the Illinois Human Rights Act ("ILHRA"), as codified at 775 ILCS 5.

40. The ILHRA provides that all individuals within the state of Illinois shall be free from discrimination based upon physical or mental disabilities; 775 ILCS 5/1-102 §1-102(A).

41. The Plaintiff suffers from a disability included within the definition of disability as delineated within the ILHRA, which states that "[a] disability means a determinable physical or mental characteristic of a person including a characteristic which may result from disease, injury, or congenital condition of birth or a functional disorder"; 775 ILCS 5/1-103 §1-103(I).

42. Co-Defendants Robert Wolfberg and Daniel Wolfberg (owners in joint tenancy and lessors) and Defendant PLS Check Cashiers Trust, Inc. (operator/lessee) own and/or operate a check cashing store which is open to the general public and offers sales of goods/products and services (of wire transfer), and is therefore a place of public accommodation as defined within 775 ILCS 5/5-101(A)(5) and (6).

43. The ILHRA states that it is a civil rights violation for any public accommodation to discriminate in the provision of enjoyment of facilities, goods, and services in any public place of accommodation; 775 ILCS 5/5-102(A).

44. The violations of Illinois law were deliberate and knowing.

45. Under the ILHRA, as codified at 775 ILCS 5/8, the Plaintiff is entitled to file a civil action against the Defendants in accordance with the code of civil procedure.

**WHEREFORE,** Plaintiff Anel Montenelli respectfully prays that this Court grant the following relief against co-Defendants Robert Wolfberg and Daniel Wolfberg (owners in joint tenancy / joint lessors) and Defendant PLS Check Cashiers Trust, Inc. (operator/lessee) including damages costs and reasonable attorney's fees and for the following injunctive relief and declaratory relief:

a) A declaration that the co-Defendants Robert Wolfberg and Daniel Wolfberg (owners in joint tenancy / joint lessors) and Defendant PLS Check Cashiers Trust, Inc. (operator/lessee) have owned and/or operated the Subject Facility in violation of the ILHRA and have violated 775 ILCS 5 et. seq in that the Defendants failed to consider and accommodate the needs of disabled persons to the full extent required by Illinois law.

b) An Order mandating that the Defendants (jointly and severally) undertake and complete corrective measures to provide equal access to individuals with disabilities within a reasonable time;

c) An Order mandating that Defendants (jointly and severally) expeditiously make all reasonable and appropriate modifications to the Subject Facility to ensure that persons with disabilities are no longer excluded, denied access, segregated or otherwise discriminated against or treated differently than from the general public;

d) Award damages including but not limited to mental anguish, loss of dignity, and any other intangible injuries;

e) Award reasonable costs and attorneys fees; and

f) Award any and all other relief that may be necessary and appropriate.

Dated this 30th day of July, 2015.

> Respectfully submitted,
>
> *s/Scott Dinin*
> Scott R. Dinin, Esq.
> Scott R. Dinin, P.A.
> 332 S. Michigan Ave.
> Suite 1032 - D673
> Chicago, Il 60604
> Tel: (855) 346-4652
> inbox@dininlaw.com
> *Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

Civil Action Number:

ANEL MONTENELLI,

    Plaintiff,

vs.

PLS CHECK CASHIERS TRUST, INC.
d/b/a PLS CHECK CASHIERS,
ROBERT WOLFBERG and
DANIEL WOLFBERG

    Defendants.

## VERIFICATION OF COMPLAINT

Plaintiff Anel Montenelli declares under penalty of perjury under the laws of the State of Illinois that the allegations in the foregoing complaint are true and correct to the best of my belief, recollection and knowledge.

Date: 7/30/15

_____
Anel Montenelli

**EXHIBIT "A"**