UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ANEL MONTENELLI**, <br><br> Plaintiff, <br><br> vs. <br><br> **PLS CHECK CASHIERS TRUST, INC.** d/b/a **PLS CHECK CASHIERS**, and **ROBERT WOLFBERG** and **DANIEL WOLFBERG**, <br><br> Defendants. | No. 15-cv-6683 <br><br> Hon. Charles P. Kocoras |

### CONSENT JUDGMENT

Plaintiff Anel Montenelli filed this action for declaratory and injunctive relief under Title III of the Americans With Disabilities Act and state law against Defendants PLS Check Cashers – Trust, Inc., misnamed as PLS Check Cashiers Trust, Inc.; Robert Wolfberg; and Daniel Wolfberg. This matter arises under the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331. The parties agree to the entry of this Order to resolve Plaintiff's claims in this matter.

1.  As alleged in the Complaint, Montenelli suffers from a spinal cord injury and uses a wheelchair for mobility.

2.  Montenelli alleges that, on July 10, 2014, he was unable to enter a PLS check cashing store at 1958 W. Cermak in Chicago, Illinois on real estate that Montenelli alleges is owned by the Defendants, due to an architectural barrier. The building occupied by the check cashing store (the "Facility") was constructed more than 60 years ago and pre-dates the enactment of the ADA. The public entrances to the Facility require a 16 inch step up from the public sidewalk. Montenelli alleged that this step-up violates Defendants' obligation under the ADA to remove architectural barriers where it is readily achievable to do so. See 42 U.S.C. § 12182 (b)(2)(A)(iv).

3.  Defendants answered the Complaint denying liability. Among other things, Defendants allege that the removal of the step-up here was not readily achievable. Removing the barrier would impact the building frame and its load-bearing members making removal extremely difficult, if not impossible.

4.  The ADA defines "readily achievable" as "easily accomplishable and able to be carried out without much difficulty or expense." 42 USC §12181(9). The definition identifies factors for determining whether an action is readily achievable including:

   A. The nature and cost of the proposed action;

   B. The characteristics of the facility including its financial resources, the number of persons who work there, and the impact of the action upon the operation of the facility;

   C. The overall financial resources of the covered entity; and

   D. The types of operations the covered entity conducts.

Where barrier removal is not readily achievable, the business owner is still required to take other readily achievable measures to remove the barrier, even if those measures do not fully comply with the ADAAG[1]. 28 C.F.R. §§ 36.304(d)(3); 36.305(a).

 5. In the ADA Title III Technical Assistance Manual, the Department of Justice clarifies that determining whether barrier removal is readily achievable under the ADA is a case-by-case judgment, and states that "legitimate safety requirements necessary for safe operation, including crime prevention measures" should also be considered in making this determination. §III-4.4200.

 6. Where alterations are necessary to a facility they should be made "to ensure that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs." 36 C.F.R. §36.402(a)(1). The Technical Assistance Manual adds more detail to the phrase "maximum extent feasible" and adds the concept of "technical feasibility" to the determination. Specifically, the Manual states, "[F]eatures must only be made accessible to the extent that it is technically feasible to do so. The fact that adding accessibility features during an alteration may increase costs does not mean compliance is technically infeasible. Cost is not to be considered." §III-6.1000. The Manual provides the following illustration:

> ILLUSTRATION 1: A restaurant is undergoing a major renovation. Widening the entrance would affect the building structure because removal of an essential part of the structural frame would be required. In this case, it is "technically infeasible" to widen the entrance, and the action is not required. However all other ADAAG alterations requirements apply to the renovation.

 7. Since 1991, the DOJ has taken the position that something is technically infeasible if it would require removing or altering a load-bearing member. 56 Fed.Reg. 35426. The 2010 ADAAG expressly defines "technically infeasible" as "something that has little likelihood of being accomplished because existing structural conditions would require removing or altering a load-bearing member that is an essential part of the structural frame…." 2010 ADAAG §106.5. The 2010 ADAAG further defines "structural frame" as "the columns and the girders, beams, and trusses having direct connections to the columns and all other members that are essential to the stability of the building or facility as a whole." 2010 ADAAG §106.5.

---

[1]  The Americans with Disabilities Act Accessibility Guidelines

Accordingly, Judgment is entered on Plaintiff's Complaint as follows:

Within 15 days of the entry of this Order, PLS Check Cashers Trust, Inc. shall post signage as specified at the Facility as follows:

(a) A sign of no less than 8½" x 11" at each public entrance to the Facility that identifies the nearest PLS location which is accessible to individuals with mobility impairments.

(b) A notice on any webpage that PLS maintains with location details for the Facility that explains that the Facility is not fully accessible for individuals with mobility impairments and identifies the nearest fully accessible PLS location.

PLS shall maintain such signage so long as it operates a place of public accommodation at the Facility and the public entrances to the Facility are inaccessible to wheelchair users because they do not comply with then current ADAAG standards for new construction.

**Dated: April 19, 2016**　　　　　　　　　　　　**ENTER:**

　　　　　　　　　　　　　　　　　　　　　　　　*Charles P. Kocoras*
　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**

Agreed:

**ANEL MONTENELLI**　　　　　　　　　　　**PLS CHECK CASHERS - TRUST, INC., ROBERT WOLFBERG,** and **DANIEL WOLFBERG**

By: /s/ *Scott R. Dinin*

　　Scott R. Dinin
　　Scott R. Dinin, P.A.　　　　　　　　　　By: /s/ *Charles A. Valente*
　　332 S. Michigan Ave.
　　Suite 1032-D673　　　　　　　　　　　　　　Charles A. Valente
　　Chicago, Illinois 60604　　　　　　　　　　　Isaiah A. Fishman
　　(855) 346-4652　　　　　　　　　　　　　　Krasnow Saunders Kaplan & Beninati,
　　　　　　　　　　　　　　　　　　　　　　　　　LLP
　　　　　　　　　　　　　　　　　　　　　　　500 North Dearborn, Second Floor
　　Attorney for Plaintiff　　　　　　　　　　　Chicago, Illinois 60654
　　　　　　　　　　　　　　　　　　　　　　　(312) 755-5700

　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendants

3